## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

|  |  |
|---|---|
| GERMÁN HERNÁNDEZ CERON, on behalf of himself and all others similarly situated<br><br>        Plaintiff,<br><br>v.<br><br>R.C.S. CONSTRUCTION, INC., and TONY NIOKAN,<br><br>        Defendants. | Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT <u>AND DEMAND FOR JURY TRIAL</u>** |

Plaintiff Germán Hernández Ceron (hereinafter "Plaintiff") on behalf of himself and others similarly situated, by and through his attorneys, Consumer Attorneys PLLC, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendants R.C.S. Construction, Inc. (hereinafter "RCS" or the "Corporate Defendant") and Tony Niokan (hereinafter "Niokan" or the "Individual Defendant") (the Corporate Defendant and the Individual Defendant collectively hereinafter the "Defendants") and respectfully alleges as follows:

### <u>INTRODUCTION</u>

1.     Plaintiff brings this lawsuit seeking recovery against Defendants for its violations of the Fair Labor Standards Act, as amended (hereinafter the "FLSA"),

29 U.S.C. §201 *et seq.,* and the Georgia Minimum Wage Law, O.C.G.A. § 34-4-3 (hereinafter the "GMWL").

2.      Upon information and belief, during the last three (3) years, Defendants carried out an unlawful payroll policy and practice by failing to pay Plaintiff and others similarly situated for all worked hours including overtime compensation as required by federal law.

3.      Plaintiff has initiated this action on behalf of himself and others similarly situated to recover unpaid wages and overtime compensation he has been deprived of, plus interest (pre-judgment and post-judgment), liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Defendants' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims against Defendants because they are part of the same case or controversy and arise under a common nucleus of operative facts.

6.      Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7.    At all times material hereto, Plaintiff performed non-exempt construction labor for the benefit of Defendants in Georgia including within the city of Suwanee.

8.    At all times relevant, Defendants are covered as an enterprise under the FLSA because they generated at least $500,000.00 in revenue and engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s).

9.    Plaintiff falls within the protections of the FLSA, and is covered as an individual under the FLSA because he physically worked as a construction worker using tools and materials which moved in interstate commerce.

**PARTIES**

9.    Plaintiff is an adult individual who is and was a resident of Gwinnett County within the State of Georgia.

10.    Plaintiff was employed by Defendants in the State of Georgia during the period of about July 2021 through October 14, 2024.

11.    The Corporate Defendant is a business entity formed under the laws of Georgia with a primary office located at 3870 Peachtree Industrial Boulevard, Suwanee, GA, 30096-5404.

12.    Upon information and belief, the Individual Defendant is and was a resident of Duluth, Georgia within the Gwinnett County.

3

13.   The Individual Defendant is the owner of the Corporate Defendant, and is one exercising sufficient control over its business.

14.   The Individual Defendant, upon information and belief, maintained control, oversight, and direction of Plaintiff and all others similarly situated, including, *inter alia*, scheduling, work allocation, task supervision, monitoring work, payroll, and other employment practices applicable to Plaintiff and all others similarly situated.

15.   At all relevant times, Defendants maintained and exercised his power to hire, fire, promote, and discipline Plaintiff and all others similarly situated.

16.   At all relevant times, Defendants was an "employer" of Plaintiff and all others similarly situated within the meaning of all applicable statutes and regulations.

17.   At all times relevant, Defendants employed Plaintiff to perform work on behalf of Defendants within the State of Georgia.

18.   At all relevant times, Defendants controlled and directed the terms of employment and compensation of Plaintiff and all others similarly situated.

## FACTS

19.   Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff and others

similarly situated for all hours worked, including for all overtime hours he worked for every workweek.

20.    Plaintiff began working for Defendants in or around July 2021, as a construction worker.

21.    While employed, Plaintiff typically and customarily performed compensable caretaker and related job duties for the benefit of Defendants and its customers with an official work schedule of Monday through Friday, from about 5:00 AM to around 3:30 PM, for a total of fifty (50) hours a week.

22.    During the relevant period, Defendants typically paid Plaintiff a weekly amount based on a fifty (50) hour work week at a rate of twenty-seven dollars ($27.00) per hour, totaling $1,350.00 per week.

23.    Plaintiff and Defendants had an agreement that Plaintiff would be paid twenty-seven dollars ($27.00) for every hour that he worked.

24.    During the relevant period, Defendants failed to properly compensate Plaintiff for the ten (10) overtime hours he worked in excess of forty (40) hours per week as required under the FLSA.

25.    Because Plaintiff, who rendered work for the Defendants for 170 weeks, was entitled to be paid at $40.50 per overtime hour rather than the $27.00 he received for every such hour, Defendants is liable to Plaintiff in the amount of at least $22,950.00 for the said 170 workweek plus liquidated damages in an equal

amount, interest (pre-judgment and post-judgment), as well as attorneys' fees, and costs.

26.    At all times relevant, Defendants had actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform compensable work duties for more than forty (40) hours per week.

27.    At all times relevant, Defendants had actual knowledge that it was obligated under the FLSA and to track and record Plaintiff's compensable hours accurately and with precision.

28.    At all times relevant, Defendants had actual knowledge that it was obligated to pay Plaintiff all wages due and owing for all hours Plaintiff worked each week and to pay Plaintiff overtime wages at the time-and-one-half rate for overtime Plaintiff worked in excess of forty (40) hours each week.

29.    On or about October 14, 2024, Plaintiff was notified by the Defendants that there was no more work available.

30.    Upon information and belief, Defendants refused to pay Plaintiff the overtime differentials despite due demand.

31.    At all times during his employment for Defendants, Plaintiff was an exemplary employee who never received any citations or negative feedback regarding his work performance.

32.    Upon information and belief, Defendants at all times during the relevant time period willfully failed to keep accurate payroll records as required by the FLSA.

33.    As a result of Defendants' violation and failure to pay proper wages and overtime compensation, Plaintiff suffered concrete harm resulting from Plaintiff's lack of pay that he should have received for his regular hours and overtime hours in compliance with the FLSA.

34.    Furthermore, Defendants' willful failure to keep accurate records of Plaintiff's hours worked prevented Plaintiff from being able to calculate his hours work and determine if he was being paid time-and-a-half in accordance with the FLSA.

35.    As a result of these violations of Federal labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

36.    Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FLSA COLLECTIVE ACTION ALLEGATIONS

37.    Plaintiff brings this action individually and as representatives on behalf of all their current and former non-exempt employees who have been or were employed by Defendants within the statutory period of three (3) years (the

"Collective Action Period"), and who were compensated at rates less than the statutory rate of time and one-half, for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

38.    The collective action class is so numerous that joinder of all members is impracticable.

39.    Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least four (4) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

40.    Therefore, Plaintiff submit that this matter should be certified as a collective action under the FLSA 29 U.S.C. § 216(b).

41.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.

42.    Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

43.    This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a

risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

44.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

45.    Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

46.    There will be no difficulty in the management of this action as a collective action.

47.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.

48.    Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b. Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c. What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

d. Whether the Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek in violation of the FLSA and the regulations promulgated thereunder;

e. Whether the Defendants is liable for all damages claimed hereunder, including but not limited to, compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorney's fees.

49. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

50.    Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

51.    Plaintiff brings this action, in part, as a class action under the GMWL as well as all applicable regulations thereunder.

**A. Class Definition**

52.    Plaintiff seeks to maintain claims, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), on behalf of himself and a class of all other employees who have been employed by Defendants at any time during the full statute of limitations period (hereinafter the "Class").

53.    Additionally, Plaintiff seeks to maintain claims, pursuant to Rule 23, on behalf of himself and a subclass of all individuals who have been employed by Defendants at any time during the full statute of limitations period (hereinafter the "Subclass").

54.    Plaintiff alleges, on behalf of himself and the Class, that Defendants violated the GMWL by, *inter alia*: (i) failing to compensate Plaintiff  and the Class for all hours worked at their established regular rates of pay in accordance with their agreed terms of employment; (ii) failing to compensate Plaintiff  and the Class at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek; (iii) failing to timely pay all wages owed; (iv) failing to

11

provide Plaintiff and the Class with Notices of Pay Rate; and (v) failing to furnish accurate wage statements to Plaintiff and the Class.

55.     Plaintiff further alleges, on behalf of himself and the Subclass, that Defendants violated the GMWL by, *inter alia*, failing to compensate them and the Subclass at the State minimum wage for all hours worked.

56.     Plaintiff, the Class, and the Subclass have standing to seek such relief because of the adverse effects that Defendants' wage practices have had on them individually and as a group.

57.     The wage practices described herein are part of Defendants' normal course of conduct.

58.     Pursuant to Rule 23, Plaintiff's IMWL and the IWPA claims may be pursued by all similarly situated persons who do not opt out of the Class or Subclass.

**B. Common Questions of Law and Fact**

59.     Common questions of law and fact, the answers to which will meaningfully advance this litigation, exist as to the Class and Subclass and predominate over any questions only affecting the members of the Class or Subclass individually.

60.     Indeed, there are few, if any, purely individual issues in this action.

61.     The questions of law and fact that are common to Plaintiff, the Class, and the Subclass include, without limitation:

(a) Whether Defendants failed to pay Plaintiff and the Subclass at the State minimum wage rate;

(b) Whether Defendants failed to pay Plaintiff and the Class for all hours worked at their regular rates of pay and in accordance with their agreed terms of employment;

(c) Whether Defendants failed to pay Plaintiff and the Class all overtime wages owed to them;

(d) Whether Defendants failed to timely pay Plaintiff and the Class their wages;

(e) Whether Defendants failed to provide Plaintiff and the Class with Notices of Pay Rate;

(f) Whether Defendants failed to furnish accurate wage statements to Plaintiff and the Class; and

(g) Whether Plaintiff, the Class, and the Subclass are entitled to liquidated damages and injunctive relief.

62.     Therefore, the common question requirement of Rule 23(a) is satisfied.

**C. Typicality of Claims and Relief Sought**

63.     Plaintiff's claims are typical of the claims of the members of the Class and Subclass they seek to represent.

64.     Plaintiff, the Class, and the Subclass work or have worked for Defendants, and are or were subject to the same compensation policies and practices.

65.     The wage violations suffered by Plaintiff, and the damages resulting therefrom, are typical of Defendants' treatment of their Employees, generally, and of the Class and Subclass, specifically.

66.     Therefore, the typicality requirement of Rule 23(a) is satisfied.

**D. Adequacy of Representation**

67.     Plaintiff will fairly and adequately protect the interests of the Class and Subclass because Plaintiff 's interests are coextensive and aligned with those of the members of the Class and Subclass.

68.     Plaintiff has no interests adverse to the Class and Subclass they seek to represent.

69.     Plaintiff is willing and able to represent the Class and Subclass fairly and vigorously, in part because they do not assert any individual claims separate and apart from the Class and Subclass she seeks to represent.

70.     Plaintiff has retained competent counsel who are qualified and experienced in employment class action litigation and able to meet the demands necessary to litigate a class action of this size and complexity.

71.    The combined interests, experience, and resources of Plaintiff and his counsel to competently litigate the individual and Class claims at issue in the instant action satisfy the adequacy of representation requirement of Rule 23(a).

## E. Requirements of Rule 23(b)(1)

72.    Without certification of the Class and Subclass, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

73.    Accordingly, certification of the Class and Subclass is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the Class, the Subclass, and Defendants.

74.    By filing this Complaint, Plaintiff preserves the rights of the members of the Class and Subclass with respect to the statute of limitations on their claims.

75.    Therefore, failing to certify the Class and Subclass would substantially impair and/or impede the ability of the members of the Class and Subclass to protect their interests.

## F. Requirements of Rule 23(b)(2)

76.    Defendants acted on grounds, as described herein, generally applicable to Plaintiff, the Class, and the Subclass by denying Plaintiff, the Class and the Subclass minimum wages and overtime wages, failing to pay them for all hours worked at their established rates of pay in accordance with their agreed terms of

employment, failing to pay wages on time, and failing to provide Notices of Pay Rate and furnish accurate wage statements.

77.    These acts are not sporadic or isolated and support the request for final injunctive and declaratory relief with respect to Plaintiff, the Class, and the Subclass as a whole.

78.    Declaratory and injunctive relief flow directly and automatically from proof of the common questions of law and fact regarding the entitlement to, and denial of, minimum and overtime wages, wages paid at their regular rates of pay, timely payment of wages, Notices of Pay Rate and accurate wage statements.

79.    Declaratory and injunctive relief are the factual and legal predicates for Plaintiff 's and the Class's and Subclass's entitlement to monetary and non-monetary remedies for such wage violations.

80.    Accordingly, injunctive and declaratory relief are among the predominant forms of relief sought in this case.

**H. Requirements of Rule 23(b)(3)**

81.    The common issues of fact and law affecting Plaintiff 's claims and those of the Class and Subclass — including, without limitation, the common issues identified in the paragraphs above — predominate over issues affecting only individual claims.

16

82.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiff 's claims and those of the Class and Subclass.

83.     The cost of proving Defendants' pattern and practice of denying minimum, overtime, and other wages makes it impractical for the members of the Class and Subclass to pursue their claims individually.

84.     This class action will not be difficult to manage for reasons including, without limitation, the discrete organizational nature of all members of the Class and Subclass (they must have worked for Defendants as Employees during the statutory period), as well as the common questions of law and fact described herein.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF THE FLSA: UNPAID OVERTIME COMPENSATION
### (*On Behalf of the Plaintiff and Others Similarly Situated*)

85.     Plaintiff, on behalf of himself and the Collective Action Members re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

86.     Plaintiff is entitled to compensation for each of his overtime hours worked each work week.

87.     Defendants knowingly and willfully failed to pay Defendants for all hours that he worked by paying the overtime work by the Plaintiff with the regular

rate of $27.00 per hour instead of the $40.50 per hour (which is 1.5 times the regular rate) mandated by the FLSA and GMWL.

88.    The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the Collective Action Members.

89.    Defendants had failed to pay Plaintiff and the Collective Action Members overtime for hours that they worked in excess of forty (40) hours in a workweek.

90.    By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

91.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

92.    Because Defendants' violations of the Act were not the product of objective good faith or otherwise objectively excusable, Plaintiff is entitled to liquidated damages.

93.    As a result of Defendants' unlawful acts, Plaintiff and the Collective Action Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## COUNT TWO
## VIOLATION OF THE GMWL: NON-PAYMENT OF MINIMUM WAGE
### (*On Behalf of the Plaintiff and Others Similarly Situated*)

94.    Plaintiff, on behalf of himself and the Class, hereby repeats and realleges the foregoing allegations as if set forth fully herein.

95.    During the full statutory period, Plaintiff and the Class were protected by the provisions of the GMWL, O.C.G.A. § 34-4-3, *et seq*., as well as all applicable regulations thereunder.

96.    The GMWL requires covered employers, including Defendants, to compensate Plaintiff and the Class at their established regular rates of pay for all hours worked in a workweek.

97.    Plaintiff and the Class were not exempt from the requirement and are entitled to be paid by Defendants at their established regular rates of pay for all hours worked in a workweek, during the full statute of limitations period.

98.    Throughout the full statute of limitations period, Defendants have engaged in a common policy and practice of failing to pay Plaintiff and the Class at their established regular rates of pay for all hours worked.

99.    As a result of Defendants' failure to compensate Plaintiff and the Class at their established regular rates of pay (or one and one-half times their established regular rates) for all hours worked, Defendants have violated the GMWL and/or applicable regulations thereunder.

100.   Defendants have acted willfully and deliberately in maintaining an intentional practice of failing to compensate Plaintiff and the Class in accordance with the GMWL.

101.   Defendants' violations of the GMWL have significantly damaged Plaintiff and the Class and entitle them to recover damages to the greatest extent permitted by law, including, *inter alia*, the total amount of their unpaid wages, an additional equal amount in liquidated damages, prejudgment interest, and attorneys' fees and costs.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff on behalf of himself and others similarly situated, respectfully requests that this Court grant the following relief:

A. Against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA and the GMWL in the amount equal to the amount of unpaid wages, interest (pre-judgment and post-judgment), attorneys' fees and costs; and

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the GMWL;

C. Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, designating Plaintiff as the representative of the FLSA Collective Members, and his counsel of record as class counsel;

D. Declare this action to be maintainable as a class action pursuant to Rule 23, designating Plaintiff as the representative of the Class, and his counsel of record as class counsel;

E. Award Plaintiffs, the FLSA Collective, the Class, and the Subclass an additional equal amount as liquidated damages because Defendants' violations were without a good faith basis;

F. Award Plaintiffs, the FLSA Collective, the Class, and the Subclass their reasonable attorneys' fees and costs and disbursements in this action including, without limitation, any accountants' or experts' fees;

G. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

H. Designation of Plaintiff as Representative of the Collective Action Members;

I. Such other injunctive and equitable relief as this Court shall deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b), Plaintiff respectfully demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted this 17th day of September 2025.

21

By: */s/ Moshe Boroosan*
Moshe Boroosan, GA Bar #744128
CONSUMER ATTORNEYS
2800 N Druid Hills NE, Building A, Suite D,
Atlanta, GA 30329
T: (718) 887-2926
F: (718) 247-8020
E: mboroosan@consumerattorneys.com

Emanuel Kataev, Esq.,
*Pro Hac Vice Forthcoming*
SAGE LEGAL LLC
18211 Jamaica Avenue
Jamaica, NY 11423-2327
T: (718) 412-2421 (office)
T: (917) 807-7819 (cellular)
F: (718) 489-4155
E: emanuel@sagelegal.nyc

*Attorneys for Plaintiff,*
*Germán Hernández Ceron,*
*on behalf of himself and*
*all others similarly situated*