# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

GERMÁN HERNÁNDEZ CERON,
on behalf of himself and all others
similarly situated

        Plaintiff,

v.

R.C.S. CONSTRUCTION, INC., and
TONY NIOKAN,

        Defendants.

Case No.: 1:25-cv-5408 (JPB)

**MOTION FOR SUBSTITUTED
SERVICE ON DEFENDANTS**

Plaintiffs, by and through their undersigned counsel, respectfully moves the Court pursuant to Rule 4 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") for an Order to permit substituted service because Defendants are deliberately ducking service despite Plaintiffs' diligent attempts to serve them. Plaintiffs thus respectfully request a sixty (60) day extension of time to serve the Defendants and to permit substituted service.

## ARGUMENT

### I. THE COURT SHOULD EXERCISE ITS DISCRETION TO ALLOW INITIAL SERVICE BY SUBSTITUTED SERVICE

### a. The Rules and Georgia law allow service by substituted service.

"Under Rule 4(e)(1) …, service may be effected by any means permitted by the law of the state in which the case is pending, or of the state where service is to

be made." See Glob. Impex, Inc. v. Specialty Fibres LLC, 77 F. Supp. 3d 1268, 1270 (N.D. Ga. 2015).

This case is pending in the Northern District of Georgia; thus, service may be made by any means permitted under Georgia law.

Georgia law provides for alternative service according to the needs of each case. "To comply with due process, the service of notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. (citation omitted).

"Under Georgia law, a court may grant an order for service by publication when the person upon whom service is to be made: (1) resides outside the state; (2) has departed from the state; (3) cannot, after due diligence, be found within the state; or (4) conceals himself to avoid service." See Wesson v. Day, No. 1:21-cv-03227-AT, 2021 WL 9666632, at *2 (N.D. Ga. Nov. 30, 2021) (citing O.C.G.A. § 9-11-4(f)(1)(A)).

**b. Proposed Methodology for Substitute Service.**

Plaintiff has satisfied the requirements of O.C.G.A. § 9-11-4(f)(1)(A) by providing evidence of attempts made to serve Defendants. See ECF Docket Entries 12 and 12-1. Under these circumstances, Plaintiff requests that service be deemed complete upon the effectuation of the following:

2

1. Mailing a copy of the summons and complaint to Defendants at the above addresses at which service was attempted: 3870 Peachtree Industrial Boulevard, Suwanee, GA, 30096-5404

2. Via Publication, pursuant to O.C.G.A. § 9-11-4(f)(1)(A)), if also found warranted by the court. If this is a desired method, Plaintiff would submit a Notice of Service to be made by publication, in compliance with all elements required by O.C.G.A. § 9-11-4(f)(1)(A)).

These methods of substitute service are reasonable under the circumstance. See Case Capital Funding, LLC v. CLC L. Group, No. 1:25-CV-01595-TRJ, 2025 WL 3125965, at *2 (N.D. Ga. July 25, 2025) ("Because Plaintiff has shown due diligence and reasonable efforts in attempting to serve CLC and Chisvin since March 30, 2025, and because it appears CLC and Chisvin are attempting to avoid service, the Court finds that service by publication is appropriate and necessary in this case"). Like in Case Capital Funding, Plaintiffs also mailed a copy of the summons and complaint to both Defendants.  See certified mail receipts annexed hereto as **Exhibit "A."**

Counsel for Plaintiff believes that notice by publication is less likely to result in actual notice but has been approved for extreme situations such as the one at bar, and therefore is proper as a method of last result.

Plaintiff previously attempted service on Defendants.

Accordingly, this Court should authorize substitute service.

In light of the instant motion, Plaintiff respectfully submits that there is also good cause to grant an extension of time to serve Defendants.  See Fed. R. Civ. P. 4(m).

RESPECTFULLY SUBMITTED on this 15th day of May, 2026.

**SAGE LEGAL LLC**

By: *Emanuel Kataev, Esq.,*
Emanuel Kataev, Esq., Bar #5154588NY
*Admitted pro hac vice*
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*/s/ Moshe Boroosan*
Moshe Boroosan, GA Bar #744128
CONSUMER ATTORNEYS
2800 N Druid Hills NE, Building A, Suite D,
Atlanta, GA 30329
(718) 887-2926 (office)
(718) 247-8020 (facsímile)
mboroosan@consumerattorneys.com

*Attorneys for Plaintiff,*
*Germán Hernández Ceron,*
*on behalf of himself and*
*all others similarly situated*

4