UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GERMÁN HERNÁNDEZ CERON,

Plaintiff,

v.

R.C.S. CONSTRUCTION, INC., et al.,

Defendants.

CIVIL ACTION NO.
1:25-CV-05408-JPB

**ORDER**

This matter is before the Court on Germán Hernández Ceron's ("Plaintiff") Motion for Substituted Service [Doc. 15]. This Court finds as follows:

**BACKGROUND**

Plaintiff initiated this labor suit against R.C.S. Construction, Inc., and Tony Niokan (collectively, "Defendants") on September 22, 2025. [Doc. 1]. To date, Plaintiff has not perfected service upon Defendants. Plaintiff filed two previous motions seeking extensions of time to complete service, [Doc. 13]; [Doc. 14], which were each granted by the Court. On May 15, 2026, with the Court's second extension of time to complete service set to expire, Plaintiff filed the instant Motion for Substituted Service [Doc. 15]. The Motion is now ripe for review.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(e)(1), an individual within a judicial district of the United States may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). This principle applies to corporate defendants as well. Fed. R. Civ. P. 4(h)(1)(A). Thus, the Court looks to Georgia law to determine the proper service of process for Defendants.

In Georgia, a court may order service by publication "[w]hen the person on whom service is to be made resides outside the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself . . . to avoid the service of the summons." O.C.G.A. § 9-11-4(f)(1)(A). When a party moves for service by publication, courts must "determine whether the movant has exercised due diligence in pursuing every reasonably available channel of information" in attempting to perfect service. Abba Gana v. Abba Gana, 304 S.E.2d 909, 912 (Ga. 1983). "This inquiry includes ensuring that the movant has exhausted all channels of information of which it was actually aware or could have become aware through the exercise of due diligence." Progressive Mountain Ins. Co. v. Rangel, No. 3:17-cv-098, 2017 WL 10087268, at *1 (N.D. Ga. Nov. 14, 2017).

## DISCUSSION

Plaintiff moves for substituted service via mail or publication. [Doc. 15, p. 3]. However, "service by mail is generally not a valid method of service under Rule 4 or Georgia law." Mays v. Resurgent Cap. Serv. LP, No. 1:26-CV-0630, 2026 WL 2201904, at *5 (Apr. 20, 2026), R. & R. adopted, 2026 WL 2204425 (N.D. Ga. June 11, 2026). Thus, the Court will only address Plaintiff's request to serve Defendants via publication.

In this case, Plaintiff first attempted to serve Defendants on September 29, 2025. [Doc. 8, p. 3]. However, after discovering potential irregularities, Plaintiff "retained a reputable, independent process server to re-serve Defendants." [Doc. 10, p. 1]. Plaintiff reports two subsequent attempts at service upon Defendants—occurring on November 3, 2025, and January 5, 2026. [Doc. 12]; [Doc. 12-1]. Plaintiff also attempted to contact Defendant Tony Niokan via LinkedIn. [Doc. 13, p. 2]. Plaintiff additionally reports mailing a copy of the summons and complaint to both Defendants. [Doc. 15, p. 3].

As stated above, service by publication is appropriate if "the movant has exercised due diligence in pursuing every reasonably available channel of information" in attempting to perfect service. Abba Gana, 304 S.E.2d at 912. In this case, the Court is not satisfied that Plaintiff has exercised the due diligence

necessary to warrant substituted service. See Wesson v. Day, No. 1:21-cv-3227, 2021 WL 9666632, at *2 (N.D. Ga. Nov. 30, 2021) (granting motion to serve by publication where affidavit evidence indicated that the plaintiff attempted to serve the defendant three times at her current address, ran two skip traces and spoke with at least one neighbor); U.S. Sur. Co. v. Solidscapes, LLC, No. 3:21-CV-17, 2021 WL 9349940, at *2 (M.D. Ga. July 2, 2021) (granting motion to serve by publication where the plaintiff attempted to serve the defendant six times, hired an investigator to research other addresses for the defendant and paid for a skip trace to confirm the defendant's location). Plaintiff relies on Case Capital Funding, but that case featured "at least four" attempts at service, including attempts at multiple addresses. Case Capital Funding, LLC v. CLC Law Group, No. 1:25-cv-01595, 2025 WL 3125965, at *1 (N.D. Ga. July 25, 2025).

In short, Plaintiff has not exercised the diligence required to justify service via publication. Plaintiff describes attempts to serve Defendants and outreach via LinkedIn. [Doc. 13, p. 2]; [Doc. 15, p. 2]. However, Plaintiff does not report other standard investigative steps, such as conducting skip traces, hiring a private investigator or interviewing others to locate Defendants. Further, Plaintiff only cites two attempts at personal service after hiring a new process server. [Doc. 12]; [Doc. 12-1]. The Court cannot say that Plaintiff "has exercised due diligence in

pursuing every reasonably available channel of information" to perfect service. Abba Gana, 304 S.E.2d at 912.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Substituted Service [Doc. 15] is **DENIED**. However, the Court **GRANTS** Plaintiff an additional 30 days from the date of this Order to effectuate personal service upon Defendants, based on good cause shown.

**SO ORDERED** this 11th day of September, 2026.

**J. P. BOULEE**
United States District Judge